# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY C. FOX,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT MALINOWSKI, et al.,<br><br>　　　　Defendants. | CIVIL ACTION NO. 3:19-CV-00651<br><br>Choose an item.<br>(MEHALCHICK, M.J.) |

## **MEMORANDUM**

Presently before the Court is a complaint, (Doc. 1), filed by *pro se* prisoner-Plaintiff Gregory C. Fox (hereinafter referred to as "Fox") on April 1, 2019. In his complaint, Fox seeks unspecified damages against the following Defendants pursuant to 42 U.S.C. § 1983: Trooper Robert Malinowski, individually and in his official capacity; Terri Somer; C.O. Owens; and Lackawanna County. At the time he filed his complaint, Fox was incarcerated at the State Correctional Institution at Camp Hill ("SCI-Camp Hill"), located in Cumberland County, Pennsylvania. (Doc. 1). Johnson has since been transferred to the State Correctional Institution at Dallas ("SCI-Dallas"), located in Luzerne County, Pennsylvania. (Doc. 8, at 13).

The Court has conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that this complaint (Doc. 1) (Doc. 8) fails to state a claim upon which relief may be granted, and grants Fox leave to amend.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Fox, proceeding *pro se*, initiated the instant action by filing a complaint in this matter in the Eastern District of Pennsylvania ("Eastern District") on April 1, 2019.[1] (Doc. 1). That District determined that the events giving rise to Fox's claims occurred in the Middle District of Pennsylvania ("Middle District") and that the Defendants are located in the Middle District. The Eastern District accordingly transferred the case to the Middle District on April 8, 2019. On April 26, 2019, Fox filed an amendment to his original complaint (Doc. 8), which, because it lacks a caption, the Court liberally construes to incorporate the original complaint.

Fox has also filed motions to stay the action, and to hold it in abeyance, until October 2, 2019, when he is released from custody, so as to allow him opportunity to obtain counsel. (Doc. 7); (Doc. 14). The Court will consider and address these motions herein.

Fox's complaint[2] alleges that on September 12, 2018, an unidentified individual from the CCC Center in Scranton reported to Defendant Malinowski that Fox submitted a positive urine sample. (Doc. 8, at 5). Fox, at the time, was an inmate in the State Intermediate Punishment (SIP) Program. (Doc. 9, at 5). Fox states that this urine report prompted him to leave the CCC Center, so they reported him as an escapee. (Doc. 8, at 5). It appears that Fox then traveled to his home, and police arrived shortly thereafter. (Doc. 8, at 8). Fox claims that his girlfriend opened the door, and that police "proceeded to push and force their way in." (Doc. 8, at 8). Police subsequently detained Fox and informed him that he was under arrest.

---

[1] Fox also filed a motion for leave to proceed *in forma pauperis* (Doc. 16), which the Court considers and addresses herein.

[2] Fox incorporates by reference the document entitled "Discovery" (Doc. 9), which he filed on April 26, 2019. (Doc. 8, at 4).

(Doc. 8, at 8). Fox alleges that police did not possess an arrest warrant nor a search warrant when this was done. (Doc. 8, at 8). He claims that these actions violate his Constitutional right of protection against unreasonable search and seizure under the Fourth Amendment. (Doc. 8, at 5).

Fox goes on to state that on October 29, 2018, he was notified that he had been expelled from SIP for leaving the building without providing a urine sample.[3] (Doc. 8, at 5-6). This, Fox claims, was in violation of his Constitutional right to procedural due process under the 14th Amendment. (Doc. 8, at 6). Fox also states that his 4th, 8th, and 14th Amendment rights were violated by him being committed to Lackawanna County Prison, (Doc. 8, at 6), and alleges supplemental state law claims of false imprisonment, abuse of process, and intentional infliction of emotional distress. (Doc. 1, at 3).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. §§ 1915(e) to screen the complaint and dismiss it if it fails to state a claim upon which relief can be granted.

## II. DISCUSSION

### A. LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 F. App'x. 195, 197 (3d Cir. 2007). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F.

---

[3] The letter from Somers to Fox identifies the reason for expulsion from SIP as 'Escape.' (Doc. 9, at 5).

Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Johnson is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The United States Court of Appeals for the Third Circuit has noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), continuing with our opinion in *Phillips v. [County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.
>
> *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–10 (3d Cir. 2009).

In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). In order to state a valid cause of action a plaintiff must provide some factual ground for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007). A trial court must assess whether a complaint states facts upon which relief can be granted, and should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A court "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

When it comes to the factual grounds, however, a court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the FEDERAL RULES OF CIVIL PROCEDURE, which defines what a complaint should contain:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a *pro se* plaintiff's well-pleaded complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Indeed, Fed. R. Civ. P. 8(a)

requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE COMPLAINT FAILS TO COMPLY WITH RULE 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

At the outset, the amended complaint fails to comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE. As discussed *supra*, Rule 8(a)(3) requires that a complaint contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2).

Fox's complaint contains only sparse allegations that he had been "kidnapped [without an arrest warrant]" and was held hostage in clear violation of his constitutional rights He does not identify how any of the named Defendants were involved. The complaint fails to state a claim as defined under Rule 8(a) of the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cnty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is also proper where a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011). Here, notwithstanding the Court's liberal construction of the complaint as is necessary for *pro se* litigants, the instant complaint does not meet the pleading requirements of Rule 8. Fox fails to explain at all how any of the named Defendants violated his rights other than that he was kidnapped and held hostage. The Court is left to "guess what of the many things discussed constituted [a specific cause of action against Defendant]." *Binsack,* 438 F. App'x at 160. Further, the complaint does not provide any meaningful opportunity for any Defendant to decipher or answer the allegations levied against him. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Finally, in both his complaint and his amendment, Fox dedicates a page to a "Prayer for Relief." (Doc. 1, at 5); (Doc. 8, at 11). However, these sections only list the Defendants; they do not describe the relief Fox seeks.[4] *See* Fed. R. Civ. P. 8(a)(2).

### C. THE COMPLAINT APPEARS TO CHALLENGE THE VALIDITY OF HIS CONFINEMENT.

To the extent that Fox is challenging the fact or duration of his confinement, the proper avenue is a petition for writ of habeas corpus;[5] prisoners cannot challenge the fact or duration

---

[4] Nor does Fox describe the relief he seeks elsewhere in his complaint.

[5] The Third Circuit has held that this statement holds true for a prisoner who is no longer able to receive habeas relief on the ground that he is released from custody. *Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006)(declining to adopt *Huang v. Johnson*, 251 F.3d 65 (2d Cir. 2001)).

of confinement through a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If a prisoner desires to challenge the validity of confinement, the proper avenue is a writ of habeas corpus. *Preiser*, 411 U.S. at 500. A prisoner may challenge the fact or duration of confinement through a § 1983 action only after it has already been "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477 (1994).

To determine if the fact or duration of confinement is, in fact, being challenged, the Court must ask whether a win for the prisoner on the § 1983 action would necessarily imply that his confinement is invalid. *Williams*, 453 F.3d at 177. This standard applies to § 1983 challenges to revocation of parole, as well as initial convictions. *See Williams*, 453 F.3d at 176 (plaintiff alleged action under § 1983 for circumstances surrounding arrest as a parole violator). Although Fox does allege deprivations of his Constitutional rights resulting from the circumstances of his arrest, he also implies that his resulting confinement is invalid. Therefore, Fox appears to be challenging the validity of his confinement, which must be done through a writ of habeas corpus. *See Preiser*, 411 U.S. at 500.

D. L<small>EAVE TO AMEND</small>

The Court will grant Fox leave to amend. Fox is advised that the amended complaint must be in compliance with Rule 8, including a stated demand of the relief sought. Fed. R. Civ. P. 8(a)(2). Fox should also consider whether his claims are brought properly as a § 1983 action or as a petition for writ of habeas corpus relief. *See Preiser*, 411 U.S. at 500.

E. M<small>OTIONS FOR</small> S<small>TAY AND</small> A<small>BEYANCE</small>

Finally, Fox filed a motion to stay (Doc. 7) and a motion for abeyance (Doc. 14), both of which request that this Court stay this matter pending his release from incarceration on October 2, 2019. The time for his release has passed, and a search of the Department of

Corrections inmate locator (http://inmatelocator.cor.pa.gov) results in no inmate by the name of Gregory Fox being found. As such, the Court finds that these motions should be denied as moot. The Court reminds Fox of his duty to update his address on the docket; indeed, the Court has no new address to which to forward any documents. It will continue to use the last known address on the docket.

### III. CONCLUSION

Based on the foregoing, the Court grants Plaintiff's motions for leave to file *in forma pauperis* (Doc. 10; Doc. 13; Doc. 16), but finds that Plaintiff Gregory C. Fox's complaint (Doc. 1)(Doc. 8) fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court grants Fox leave to file an amended complaint within **30 days** from the date of the Order filed concurrently with this memorandum.

The Court will **DENY** Plaintiff's motions to stay (Doc. 7) and for abeyance (Doc. 14) as moot.

An appropriate Order follows.

Dated: December 2, 2019                                        *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**